UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
WESTSIDE WINERY, INC.,

                        Plaintiff,

      -against-

SMT ACQUISITIONS, LLC et al.,

                       Defendants.
-----------------------------------------------------------X

**REPORT AND
RECOMMENDATION**
19-CV-4371 (DRH)(SIL)

**STEVEN I. LOCKE, United States Magistrate Judge:**

Presently before the Court, on referral from the Honorable Denis R. Hurley, is

Defendants' SMT Acquisitions, LLC ("SMT") and Palm Bay International, Inc. ("Palm

Bay," together "Defendants") motions:  to dismiss Plaintiff Westside Winery's

("Westside" or "Plaintiff") First Claim for Relief (the "First Claim") in its First

Amended Complaint ("FAC") for breach of an alleged settlement agreement related

to this action, pursuant to Fed. R. Civ. P. 12(b)(6); and (ii) in the alternative, to strike

the allegations in support of the First Claim, pursuant to Fed. R. Civ. P. 12(f).  *See*

Docket Entry ("DE") [41].  By way of Complaint dated July 30, 2019, Westside

commenced this litigation for breach of a written settlement agreement (the "May

2019 Settlement Agreement") that effectively terminated a prior action between

Westside and SMT Acquisitions, to which Palm Bay was a signatory.  *See* Compl., DE

[1] ¶¶ 1-3.  Defendants filed an Answer to Plaintiff's Complaint on September 18,

2019, and an Amended Answer and Counterclaims on October 8, 2019.  *See* DE [15],

[18].  On June 23, 2020, Plaintiff filed the FAC, which added the First Claim for

breach of an alleged settlement agreement in this matter (the "December 2019

Settlement Agreement"). *See* FAC, DE [35] ¶¶ 41-48. On October 9, 2020,

Defendants filed the instant motion to dismiss or strike, which Plaintiff opposes. *See*

DE [42], [43]. On July 20, 2020, Judge Hurley referred Defendants' motion to this

Court for a Report and Recommendation as to whether it should be granted. For the

reasons set forth herein, the Court respectfully recommends that Defendants' motion

be DENIED in its entirety.

## I.    BACKGROUND

Unless otherwise noted, the following facts are taken from Plaintiff's FAC, and

are accepted as true for purposes of the instant motion.

### A. Relevant Facts

Westside, a California corporation, is a producer and supplier of premium

wines. *See* FAC ¶¶ 1, 8. Defendant SMT Acquisitions is a New York limited liability

company, currently doing business as Taub Family Selections. *Id.* ¶¶ 9-10.

Defendant Palm Bay is a Florida corporation. *Id.* ¶ 14.

In 2017, Westside and SMT entered into an amendment to an agreement

Westside previously entered with another company, whereby SMT acquired

substantially all of that company's commercial assets, and assumed all rights and

duties under the previous agreement. *Id.* ¶ 18.

A dispute arose between Westside and SMT, culminating in Westside's

commencing an action (the "Prior Action") alleging that SMT breached their

agreement. *Id.* ¶ 20. Westside and SMT resolved the Prior Action through the May

2019 Settlement Agreement, under which Westside sold, transferred and assigned to

SMT, and SMT purchased, certain products, as well as the associated "tangible and intangible personal property," as defined in the May 2019 Settlement Agreement, for the aggregate purchase price of $2.6 million, according to the following schedule:

    a.  SMT must take delivery of the "Noble Tree Finished Goods" and pay $1.65 million dollars for same no later than 17 days after the "Inspection Availability Date" as defined in the May 2019 Settlement Agreement;

    b.  SMT must take delivery of the 2018 Cabernet Sauvignon and pay $700,000.00 for same by June 30, 2019; and

    c.  SMT must take delivery of the 2018 Reserve Cabernet Sauvignon and pay $250,000.00 for same by January 30, 2020. *Id.* ¶¶ 21-23.

Palm Bay guaranteed the performance of SMT's obligations under the May 2019 Settlement Agreement. *Id.* ¶24.

In July 2019, Plaintiff alleged that Defendants defaulted on their obligations under the May 2019 Settlement Agreement by refusing to take delivery of and pay for certain of the agreed-upon goods (the "2017 Varietals"). *Id.* ¶ 25. Defendants, in response, asserted they were not obligated to take possession of, or pay for, the 2017 Varietals because they were "smoke tainted" due to certain California wildfires. *Id.* ¶ 27. As a result, Plaintiff commenced this action on July 30, 2019, seeking, *inter alia*, damages for Defendants' breach of the May 2019 Settlement Agreement. *Id.* ¶ 30.

Plaintiff alleges that in or around December 2019, the parties' principals engaged in settlement discussions concerning this litigation outside of the presence

of counsel, resulting in the December 2019 Settlement Agreement. *Id.* ¶¶ 33-34. The alleged December 2019 Settlement Agreement sets out the following schedule, as well as an agreement that Defendants must pay Westside an additional sum of $250,000 on January 24, 2020, and take delivery of the 2018 Reserve Cabernet Sauvignon (the "2018 Reserve Cabernet"), as required by the May 2019 Settlement Agreement:

a. SMT must pay Westside the sum of $250,000 on December 19, 2019 and take delivery of the 2017 Varietals, as well as certain other previously unlabeled wines;

b. SMT must pay Westside the sum of $150,000 on January 24, 2020 in full satisfaction of the claims asserted by Westside; and

c. Westside would apply stickers to each bottle that allegedly contained an incorrect statement of alcohol percentage or volume, and deliver them to Defendants on January 24, 2020, at the same time Westside delivered to SMT the 2018 Reserve Cabernet. *Id.* ¶¶ 34-35.

Defendants paid Plaintiff $250,000 on December 20, 2019, took delivery of the 2017 Varietals and paid Plaintiff $150,000 on January 24, 2020. *Id.* ¶¶ 36-38. Defendants, however, refused to pay for and take delivery of the 2018 Reserve Cabernet, which Plaintiff alleges is in breach of both the May 2019 and December 2019 agreements. *Id.* ¶ 39. Westside asserts it is ready and willing to apply stickers to bottles, as provided in the December 2019 Settlement Agreement, but has not yet received the bottles Defendants asserts are defective. *Id.* ¶ 40.

4

## B. Procedural History

By way of Complaint dated July 30, 2019, Westside commenced this Action for breach of the May 2019 Settlement Agreement.  *See* DE [1].  Defendants filed an Answer to Plaintiff's Complaint on September 18, 2019, and an Amended Answer and Counterclaims on October 8, 2019.  *See* DE [15], [18].

On June 23, 2020, Plaintiff filed the FAC, seeking a money judgment against SMT for the unpaid purchase price of $250,000 for the 2018 Reserve Cabernet, monthly storage fees, related damages, costs and attorneys' fees, under both the May 2019 and December 2019 Agreements, as well as for Palm Bay's alleged failure to guarantee SMT's performance under the May 2019 Settlement Agreement.  *See* FAC, DE [35] ¶¶ 41-60.  Westside also seeks a declaratory judgment that Defendants are obligated to remit payment for and take delivery of the 2018 Reserve Cabernet.  *Id.* ¶¶ 61-68.

On October 9, 2020, Defendants filed the instant motion to dismiss or strike, which Plaintiff opposes.  *See* DE [42], [43].  Defendants argue initially that the First Claim should be dismissed for failure to state a claim under Fed. R. Civ. P 12(b)(6) because it is "based solely on an alleged oral agreement to settle this case."  *See* Memorandum of Law in Support of Motion of Defendants SMT Acquisitions, LLC and Palm Bay International Inc. to Dismiss or Strike Plaintiff's First Claim for Relief ("Def.'s Mem."), DE [41] at 1.  Alternatively, Defendants argue that, as evidence of an agreement to settle is immaterial and inadmissible under Fed. R. Evid. 408 ("Rule 408"), all allegations depending on such material should be stricken under Fed. R.

Civ. P. 12(f). *Id.* For the reasons set forth below, the Court recommends that the motion be denied in its entirety.

## II.    LEGAL STANDARDS

### A. Motion to Dismiss

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombley*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)). A claim is considered plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 127 S. Ct. at 1949. In deciding a motion to dismiss, "a court must 'accept all allegations in the complaint as true and draw all inferences in the non-moving party's favor.'" *U.S. ex rel. Siegel v. Roche Diagnostics Corp.*, 988 F. Supp. 2d 341, 343 (E.D.N.Y. 2013) (quoting *LaFaro v. New York Cardiothoracic Grp., PLLC*, 570 F.3d 471, 475 (2d Cir. 2009)).

### B. Motion to Strike

Fed. R. Civ. P. 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The court may act on its own or "on motion made by a party either before responding to the pleading, or, if a response is not allowed, within 21 days after being served with the pleading." *Id.* "Motions to strike are generally

disfavored, and should be granted only when there is a strong reason for doing so."

*Illiano v. Mineola Union Free School District*, 585 F. Supp. 2d 341, 357 (E.D.N.Y.

2008).

To prevail on a motion to strike, the movant must establish that:  (1) there is

no question of fact which might allow the claim to succeed; (2) there is no question of

law which might allow the claim to succeed; and (3) the moving party would be

prejudiced by inclusion of the claim.  *See Figueroa v. RSquared NY, Inc.*, No. 14-cv-

4390, 2015 WL 3936256, at *2 (E.D.N.Y. June 26, 2015).

## III.   DISCUSSION

### A. Motion to Dismiss

Applying these standards, and for the reasons set forth below, the Court

respectfully recommends denying Defendants' motion to dismiss.   Westside has

plausibly alleged a cause of action for breach of contract.  "To establish a claim for

breach of contract under New York law, a plaintiff must demonstrate '(i) the

formation of a contract between the parties; (ii) performance by the plaintiff; (iii)

failure of defendant to perform; and (iv) damages.'" *Zorbas v. U.S. Tr. Co.*, 48 F. Supp.

3d 464, 474 (E.D.N.Y. 2014) (quoting *Johnson v. Nextel Commc'ns, Inc.*, 660 F.3d 131,

142 (2d Cir. 2011)).   Moreover, the Second Circuit has articulated four factors for

courts to consider in determining whether to enforce an oral settlement agreement:

(1) whether there has been an express reservation of the right not to be bound in the

absence of a writing; (2) whether there has been partial performance of the contract;

(3) whether all of the terms of the alleged contract have been agreed upon; and (4)

whether the agreement at issue is the type of contract that is usually committed to writing. *See McCalla v. Liberty Life Assurance Co. of Bos.*, 18-CV-1971 (JMA) (SIL), 2020 WL 587003, at \*3 (E.D.N.Y. Feb. 6, 2020); *Winston v. Mediafare Entm't Corp.*, 777 F.2d 78, 80-81 (2d Cir. 1985) (citation omitted).[1]  "No single factor is decisive, but each provides significant guidance."  *Ciaramella v. Reader's Digest Ass'n, Inc.*, 131 F.3d 320, 323 (2d Cir. 1997).  Based on these factors, the Court finds that Plaintiff's claim for breach of a settlement agreement is viable and sufficiently pled.  Neither of the parties made an express reservation not to be bound in the absence of a writing.  Although Defendants dispute the existence of the December 2019 Settlement Agreement and argue that it was simply an oral agreement not yet reduced to writing to effectively settle this action, Plaintiff sufficiently pleads a binding agreement and its material terms, as well as Westside's performance and Defendants' partial performance.  *See Michael Coppel Promotions Pty. Ltd. v. Bolton*, 982 F. Supp. 950, 954 (S.D.N.Y. 1997) (quoting *R.G. Group, Inc., v. Horn & Hardart Co.*, 751 F.2d 69, 75 (2d Cir. 1984)) ("'Partial performance is an unmistakable signal that one party believes there is a contract; and the party who accepts performance signals, by that act, that it also understands a contract to be in effect.'").  That such performance could be viewed as pursuant to the May 2019 Settlement Agreement and not the December 2019 Settlement Agreement is a factual determination inappropriate for resolution

---

[1] Although "[t]he Second Circuit has declined to rule whether courts should apply federal or state law in determining the enforceability of settlement agreements . . . , the Circuit has stated that New York and federal law on enforcing settlements are 'materially indistinguishable.'"  *Velazquez v. Yoh Servs., LLC*, No. 17-cv-842, 2017 WL 4404470, at \*2 (S.D.N.Y. Sept. 25, 2017) (citation omitted).  Thus, this Court need not address the substance or applicability of New York law in this regard.

on a motion to dismiss. As to whether all terms had been agreed upon, this too is better addressed after discovery on summary judgment or at trial, as is whether this is the type of agreement typically reduced to writing. Accordingly, the Court recommends that Defendants' motion to dismiss be denied.

### B. Motion to Strike

Applying the standards outlined above, the Court also recommends denying Defendants' motion to strike. "A motion to strike based on inadmissibility of the evidence will fail if there is any possibility that the pleading could be supported by admissible evidence." *Hagedorn & Co. v. Sofinor Finance, LLC*, No. 03 CV 2609, 2005 WL 241221, at *2 (S.D.N.Y. Feb. 2, 2005) (denying motion to strike allegations and deferring until trial question of whether information was product of settlement discussion) (citing *Eskofot A/S v. E.I. Du Pont De Nemours & Co.*, 872 F. Supp. 81, 94 (S.D.N.Y. 1995)); *see also Roe v. City of New York*, 151 F. Supp. 2d 495, 510 (S.D.N.Y. 2001) (to prevail on a Rule 12(f) motion to strike, movant must show "that (1) no evidence in support of the allegations would be admissible; (2) that the allegations have no bearing on the issues in the case; and (3) that to permit the allegations to stand would result in prejudice to the movant") (internal quotation marks and citation omitted).

Here, Defendants move to strike Westside's allegations concerning the December 2019 Settlement Agreement, arguing that these allegations are inadmissible under Fed. R. Evid. 408. Rule 408 states in relevant part:

Case 2:19-cv-04371-SIL    Document 46    Filed 11/05/20    Page 10 of 13 PageID #: 388

> Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount.... This rule does not require the exclusion of any evidence otherwise discoverable merely because it is presented in the course of compromise negotiations. This rule also does not require exclusion when the evidence is offered for another purpose....

The purpose behind the rule is "promotion of the public policy favoring the compromise and settlement of disputes." Fed. R. Evid. 408 Advisory Committee Note. By prohibiting such evidence from being admitted, settling parties are assured of the secrecy of their negotiations.

However, certain courts within the Second Circuit have held that Rule 408 only applies to the admissibility of evidence at trial, and does not necessarily protect such evidence from discovery. *See Morse/Diesel, Inc. v. Fid. & Deposit Co. of Maryland*, 122 F.R.D. 447, 449 (S.D.N.Y. 1988) ("'While [Rule 408's] intent is to foster settlement negotiations, the sole means chosen to effectuate that end is a limitation on their admission . . . for the purpose of proving liability at trial, not the application of a broad discovery privilege. Otherwise, parties would be unable to discover compromise offers which could be offered for a relevant purpose.'") (quoting *Center for Auto Safety v. Department of Justice*, 576 F.Supp. 739, 749 n. 23 (D.D.C.1983), and compelling production of documents related to settlement).

Moreover, and notwithstanding the Second Circuit's adherence to the public policy considerations underlying Rule 408, courts have found evidence relating to settlement negotiations to be admissible under Rule 408 where they are offered not to "prove liability for" or the "invalidity of" claims "against the parties who settled."

*Mazuma Holding Corp. v. Bethke*, 1 F. Supp. 3d 6, 17 (E.D.N.Y. 2014) ("Such evidence is not precluded by Rule 408 because it is being offered for a purpose other than to establish liability."); *see also Complex Sys., Inc. v. ABN AMBRO Bank N.V.*, No. 08 CIV. 7497 KBF, 2014 WL 1055263, at *2 (S.D.N.Y. Mar. 13, 2014) (quoting *In re Subpoena Issued to Commodity Futures Trading Comm'n*, 370 F.Supp.2d 201, 210 (D.D.C. 2005) ("[E]vidence of a settlement agreement and its surrounding circumstances 'though otherwise barred by Rule 408, can fall outside the Rule if it is offered for 'another purpose,' *i.e.*, for a purpose other than to prove or disprove the validity of the claims that the offers were meant to settle.'")); *Levick v. Maimonides Med. Ctr.*, No. 08 CV 03814 NG, 2011 WL 1673782, at *2 (E.D.N.Y. May 3, 2011) (quoting *In re Initial Public Offering Sec. Litig.*, No. 21 MC 92, 2004 WL 60290, at *4 (S.D.N.Y. Jan. 12, 2004) ("'[B]ecause the standards of relevance are different [ ] Rule 408 does not bar discovery of offers of settlement under Rule 26, so long as the settlement material may reasonably lead to the discovery of admissible evidence'")). Generally, trial courts have broad discretion as to whether to admit evidence of settlement negotiations offered for "another purpose." *See Complex Sys.*, 2014 WL 1055263, at *2.

Westside seeks to rely on the settlement negotiations leading to the December 2019 Settlement Agreement not to prove the validity or amount of the claims settled, but to prove the existence of the December 2019 Settlement Agreement. Put differently, Plaintiff does not seek to use such evidence to prove the underlying claim for breach of the May 2019 Settlement Agreement, but to prove that there was, in

fact, a December 2019 Settlement Agreement that Defendants agreed to and subsequently made payments in accordance with.  Westside further argues it will prove Defendants' liability under the December 2019 Settlement Agreement through other evidence.  *See* Pl.'s Opp. at 14-15.

Moreover, it is premature to strike Westside's claims simply because the current evidence as to the December 2019 Settlement Agreement may be found inadmissible at trial.  *See Rates Tech. Inc. v. Cablevision Sys. Corp.*, 05-CV-3583 (DRH) (WDW), 2006 WL 3050879, at *1 (E.D.N.Y. Oct. 20, 2006) (finding materials sought as to any settlement agreements appropriate, noting that "[s]ince discovery is ongoing and the question of admissibility is not currently before the court, it is premature to make a determination as to the nature of [Plaintiff's] other 'agreements'" under Rule 408).  The possibility exists that Plaintiff's pleading could be supported by admissible evidence, even if the current material on this point is deemed inadmissible.  Accordingly, the Court recommends denying Defendants' motion to strike.

## IV.   CONCLUSION

For the reasons set forth herein, the Court respectfully recommends that Defendants' motions to dismiss and to strike be denied in its entirety.

## V.   OBJECTIONS

A copy of this Report and Recommendation is being served on all parties by electronic filing on the date below.  Any objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen days of

receipt of this report. Failure to file objections within the specified time waives the right to appeal the District Court's order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72; *Ferrer v. Woliver*, No. 05-3696, 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated:  Central Islip, New York
        November 5, 2020

                                        s/ Steven I. Locke
                                        STEVEN I. LOCKE
                                        United States Magistrate Judge